DANIEL CHAPMAN *vs.* BRIGGS IRON COMPANY.

No appeal lies from a judgment of the court of common pleas rendered upon the report of an auditor, in which the evidence.is stated in detail, without submitting the auditor's report to the jury, or its being agreed upon by the parties as a statement of facts.

An agreement by a corporation to purchase " all the iron ores the said company, their agents or assigns, may want for the use of their furnace for the term of three years," binds them to pay for ores delivered to and accepted by them or their general agent, though not actually used by them. And the entries in their books are admissible in evidence to prove such acceptance.

ACTION OF CONTRACT, commenced in the court of common pleas, to recover compensation for iron ore dug and delivered to the defendants, under an agreement in writing (on which the plaintiff counted) made with the defendants by Hector Winchell and the plaintiff, on the 6th of September 1848, and all Winchell's interest in which had been assigned to the plaintiff, with the defendants' assent, and by which Winchell and Chapman agreed to supply the furnace of the defendants at Lanesborough, for the term of three years from the date of the agreement, " with all the iron ores the said Briggs Iron Company, their agents or assigns, may want for the use of the said furnace, for the said term of three years, in manner, and upon the conditions, and subject to the reservations and restrictions hereinafter set forth, namely, that they will, within one week from the date hereof, commence operations upon the ore bed in Lanesborough, known as the Sherman ore bed, and take therefrom, and deliver upon any part of the bank of said furnace, when directed by any person having in charge the operations of said furnace, at least fifty tons of ore from the said Sherman ore bed, on or before the 15th day of October next; and ever after, during this lease, keep upon the bank aforesaid, at all times, at least one hundred tons of said ore, unless notice is given them that the ore thus delivered accumulates faster than is desirable, or that no more ore is wanted at the furnace."

The case was referred to an auditor, who made a report to the court of common pleas, stating in detail the evidence intro-

duced before him, upon the question of the delivery and accep-tance of ore, and reporting a balance due the plaintiff, if he was entitled to recover for ore actually delivered by him, though not used by the defendants; otherwise, a balance due to the defend-ants. The court of common pleas, after hearing the parties, gave judgment thereon for the plaintiff, and the defendants appealed to this court, where the case stood for argument at September term 1855. But the full court then dismissed the appeal, on the ground that the auditor's report, under the Rev. Sts. *c.* 96, § 30, was mere *prima facie* evidence, to be submitted to a jury, and not having been so submitted, nor agreed upon by the parties as a statement of facts, the judgment of the court of common pleas thereupon was irregular, and was not a judgment upon a matter of law apparent on the record; and therefore no appeal lay from it under *St.* 1840, *c.* 87, § 4.

*Case remitted to the court of common pleas*

A trial was had in that court at October term 1855, when the plaintiff gave in evidence the contract, and the auditor's report, the substance of which is sufficiently stated in the bill of excep-tions allowed by *Byington,* J., the material part of which was as follows:

" In relation to the ore dug and delivered, but which had not been used by the defendants, the court ruled that there was a question of fact to be settled by the jury, namely, to determine whether the defendants received and accepted the ore under the contract, which had been dug and delivered, though not used. This question was submitted to the jury upon the evidence stated in said report, which tended to show, that, besides being delivered on the bank of the defendants, it was weighed by them and credited to the plaintiff on the defendants' books, and some payments made by them on account of the same. And on the part of the defendants was evidence tending to show that notice was given by the defendants to the plaintiff, as provided in the contract, that ore was accumulating too fast, and not to deliver ore; and evidence tending to explain the facts in regard to crediting and weighing and paying for the ore. The case was submitted to the jury.

" The defendants asked the court to instruct the jury, that, by the true construction of the contract, the plaintiff was only entitled to deliver and receive pay under the contract for the ore which the defendants might want for the actual use of the fur-nace during the time named; and that for all ore delivered by the plaintiff, beyond the amount required for the use of the fur-nace during the three years, the plaintiff could not recover in this form of action.

" The court declined so to instruct them; and did instruct them, that if the jury found that the plaintiff delivered the ore, and the same was accepted by the defendants under the con-tract, the plaintiff was entitled to recover for it, though it was not wanted to be used within the three years embraced in the contract; for it was for the defendants to determine how much they wanted to be used, and their determination, made and acted upon by the parties, was binding upon the defendants; but if not wanted for use, and not accepted by defendants, the plaintiff could not recover, if notice was given that it was accu-mulating faster than was needed.

" The auditor allowed Mason S. Palmer to testify, in answer to a question of the plaintiff, and against the defendants' objec-tion, that he did, after the contract was made, state to the plain-tiff how much ore the defendants would probably use or need from him, during the three years. From the evidence it appeared that Palmer was the general agent of the company, and it was admitted or proved that he had the general charge of the busi-ness; that it was his business to receive the ore under this contract, to determine how much was wanted under the con-tract, and the defendants had no other agent to act for them under the contract.

" In relation to the agent's authority, the defendants requested the court to instruct the jury, that the general agent of the company, and the subordinate agents, as such, would have no authority to receive, and bind the defendants to pay for ore delivered under color of the contract, and exceeding the amount limited in the contract, without express authority conferred upon such agent after the contract was entered into by the defendants;

the general authority of such agent being limited by the terms of the contract.

" The court declined so to instruct, and instructed them, that the acceptance of the ore by the general agent of the company, for the company, would bind the company, as he had the general charge of their business, and it was his business to receive the ore under the contract, to determine how much ore was wanted to be used under it, and the defendants had no other agent to act for them under the contract; although such general agent may have accepted more than the company wanted to be used; if the plaintiff delivered it under the belief he had such authority to receive it, and such agent received it claiming to act under the contract in receiving it.

" The jury found a verdict for the plaintiff for the ore delivered which had not been used, and to the foregoing instructions to the jury the defendants except."

*J. D. Colt*, for the defendants. This action is special assumpsit on a written agreement, which binds the defendants to pay for that ore only which is wanted for the use of their furnaces during the three years, and not for the ore dug and delivered and not used. The plaintiff's remedy, if any, for the ore not used, is upon a *quantum meruit*. 2 Greenl. Ev. § 104, *note*. 2 Smith's Lead. Cas. (5th Amer. ed.) 42, Amer. note. *Hayward* v. *Leonard*, 7 Pick. 187. *South* v. *Congregational Meeting House in Lowell*, 8 Pick. 178.

If this action were upon a *quantum meruit*, it could not be maintained; for the plaintiff does not show any contract with the defendants, or with any agent authorized to exceed the quantity of ore specified in the written agreement; and no such additional agreement can be implied. Every thing that was done in receiving the ore, entering it upon the books, &c., was intended by both parties to be under and in conformity with the contract. Neither the acts of Palmer, nor those of the bookkeeper, weigher and subordinate agents of the defendants, can extend their liability beyond the contract; because their authority was limited by the contract, as the plaintiff knew. Story on Agency, § 474. *Dubois* v. *Delaware & Hudson Canal*, 12 Wend. 334. *Hort* v. *Norton*, 1 McCord, 22.

*I. Sumner,* for the plaintiff.

By the Court. The instructions of the court of common pleas were entirely correct, and well adapted to the case.

*Exceptions overruled.*